**SPENCER v. MALONEY, Collector of Internal Revenue (UNITED STATES, Interpleader).**

**Civil Action No. 2949.**

District Court, D. Oregon.

June 19, 1947.

R. T. Jacob, Randall S. Jones, and Jerome S. Bischoff, all of Portland, Or., for plaintiff.

Victor E. Harr, Asst. U. S. Atty, of Portland, Or., and T. R. Winter, of Seattle, Wash., for defendant.

McCOLLOCH, District Judge.

The above entitled action came on regularly for trial on the 17th day of December, 1946, plaintiff appearing in person and by his attorneys, Robert T. Jacob and Randall S. Jones, and defendant appearing by his attorneys, Thomas R. Winter, Special As-

sistant to the United States Attorney and James P. Garland, Special Assistant to the United States Attorney General. Trial was had without the intervention of a jury, the jury being waived in the manner provided by Rule 38(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, stipulations by and between the parties hereto with respect to certain facts were dictated into the record of this action, witnesses were sworn and testified and exhibits were introduced in evidence, thereafter the case was continued to February 25, 1947, at which time depositions and further exhibits were introduced in evidence by the defendant, and based upon the admissions in the pleadings, said stipulations, testimony and evidence, after due consideration, the Court makes the following:

## Findings of Fact

I. At and during all times hereinafter mentioned C. B. Spencer, plaintiff, was and now is a resident of the State of Oregon. During the taxable year ended February 28, 1943, and prior thereto plaintiff was engaged in the business of operating a cannery in the State of Oregon, and another cannery in the State Washington. During the taxable years ended February 29, 1944, and February 28, 1945, plaintiff was engaged in the business of acquiring, owning, expanding, equipping and leasing food processing plants and providing, through guarantee and otherwise, adequate financing of the operations of such plants; and the said business during said times was regularly carried on by the plaintiff for profit.

II. At and during all the times hereinafter mentioned defendant was, and now is, the duly appointed, qualified and acting United States Collector of Internal Revenue for the District of Oregon.

III. Jurisdiction of the within cause rests upon the provisions of Judicial Code of the United States, Sec. 24 as amended, 28 U.S.C.A. § 41, subdivision 5, Sections 322 and 3772 of the United States Internal Revenue Code, as amended, 26 U.S.C.A. Int.Rev.Code, §§ 322, 3772, and the provisions of Sections 23 and 122 of the Internal Revenue Code, as amended, 26 U.S.C.A. Int.Rev.Code, §§ 23, 122.

IV. At and during all the times hereinafter mentioned plaintiff kept his books of account and made his income tax returns on the accrual and fiscal year basis, and his fiscal year began on the first day of March of each calendar year and ended on the last day of the following February.

V. On or about June 15, 1944, plaintiff filed with defendant an amended individual income tax return (form 1040) for the taxable year ended February 28, 1943, evidencing a total income tax liability of plaintiff in the sum of $14,722.80 for said year. On or about June 15, 1944, plaintiff filed with the defendant an individual income and victory tax return (form 1040) for the taxable year ended February 29, 1944, evidencing a combined income and victory tax liability of the plaintiff in the sum of $152,619.84 for the taxable period beginning March 1, 1942, and ended February 29, 1944. Plaintiff paid to the defendant $76,297.91 or on about October 8, 1943, $1,394.59, on or about October 8, 1943, $76,297.91, on or about February 19, 1944, and $214.53 on or about March 22, 1945. Said payments fully paid all the tax liability of plaintiff evidenced by said tax returns.

VI. On or about the 21st day of April, 1945, plaintiff filed with the defendant individual income tax return (form 1040) for the taxable year ended February 28, 1945, evidencing no tax liability against the plaintiff for said taxable year, but on the contrary evidencing a net loss for said taxable year in the sum of $127,052.35, incurred in plaintiff's said business.

VII. The United States Commissioner of Internal Revenue caused all of the above mentioned tax returns to be examined, and a revenue agent's report dated February 13, 1946 was made of said examination, in which said report, among others the following adjustments were made in plaintiff's taxable income, to-wit:

(a) The amount deductible for depreciation in the fiscal year ended February 28, 1945, is reduced by the sum of $4,211.48, to-wit, from $35,829.37 to $31,617,89.

(b) The amount deductible for depreciation in the taxable year ended February 29, 1944, is increased by the amount of $4,211.48, to-wit, from $19,971.16 to $24,182.64.

This adjustment and the one in sub-paragraph a above are on account of the shortened amortization period authorized by a duly issued certificate of non-necessity.

(c) The refund to plaintiff of $687.62 previously paid by him on Oregon income tax is added to the plaintiff's income tax taxable income for the year ended February 29, 1944 (with respect to victory tax taxable income, see Finding IX and Con. VII).

(d) The additional sums of $224.32, $1,558.24, $1,126.11 and $269.90 totaling $3,278.57 are added to taxable income for the fiscal year ended February 28, 1943, the first said amount being a sum that should be transferred from surplus to income; the second said amount being an adjustment of a deduction for Washington Sales Tax, and the two last mentioned amounts being capital items that had been erroneously charged to expense.

(e) The sum of $186.22 is added to the amount allowed as depreciation for the taxable year ended February 28, 1943.

Each and all the foregoing adjustments are proper and correct and were accepted as such by the parties hereto. The facts bearing upon all other adjustments made in said report insofar as material to the issues of this case are herein elsewhere set forth.

VIII. During the taxable year ended February 28, 1945, Spencer Dehydrator, Inc., an Oregon corporation, owed the plaintiff the sum of $61,115.48, on account of accounts payable of said corporation which plaintiff had previously guaranteed and did pay, and on account of notes payable of said corporation upon which plaintiff was surety and which plaintiff did pay (except for the sum of $3.68 which was credited to plaintiff's income on February 28, 1946, and was disregarded at the trial and beyond this mention is also disregarded in these findings). And, during said taxable year Spencer Packing Company of Yakima, a Washington corporation, owed the plaintiff the sum of $33,966.02 on account of unpaid rent, sums advanced by plaintiff to said corporation to pay promissory notes of said corporation upon which plaintiff was surety and which sums were used by it to pay said notes, lug boxes rented to said corporation

by plaintiff and not returned by it to him because they had become broken, and money belonging to him and collected by said corporation but not paid over to him by it. The said sums owed to plaintiff by corporations were unpaid balances on open accounts receivable of plaintiff and no open accounts payable of said corporations, and were and are debts which arose in the course of plaintiff's said business and were not contributions to the capital of the said corporations or to the capital of either of them. Each of the said corporations was completely liquidated within said taxable year and since February 15, 1945, neither of them has engaged in any business, and neither of them has had any income or assets. That prior to the liquidation of said corporations they were engaged in the business of food processing. Each of the said debts, and the whole thereof, became worthless in the said taxable year, and the loss sustained by plaintiff from the worthlessness of the said debts was incurred by him in his said business and was and is attributable to the operation of said business regularly carried on by the plaintiff.

IX. In plaintiff's said return for the taxable year ended February 28, 1945, a deduction was taken for bad debts in the amount of $107,567.51. This deduction was for the two debts mentioned in paragraph VIII above. At the time the return was made the plaintiff's books showed the amount owed him by the Dehydrator Corporation was in the sum of $73,601.49, which with the said sum of $33,966.02 owed to him by Spencer Packing Company of Yakima make up the said amount of $107,567.51. The said sum of $73,601.49 represented the balance due plaintiff after applying all available credits against his account with the Spencer Dehydrators, Inc.; except there was erroneously included in said balance the sum of $223.21 which was due and owing by plaintiff during said taxable year on account of taxes on real and personal property. Said taxes, however, were against the Dehydrator plant which plaintiff was renting to said Corporation in the course of his said business. One of the said credits to Spencer Dehydrator, Inc., was for an account of Spencer Dehydrators, Inc., against the Commodity Credit Cor-

poration, which plaintiff had taken over. Subsequent to the filing of said return and the refund claim hereinafter mentioned, an audit of the last mentioned account was made by representatives of said Commodity Credit Corporation, and it was determined by said audit that the Commodity Credit Corporation owed $12,262.82 on said account in addition to the amount showed on the books of Spencer Dehydrators, Inc., on February 15, 1945, which was the day said account was taken over as a credit by the plaintiff. The said sum was entirely earned by said Spencer Dehydrator, Inc., and it was entitled to receive said amount from the Commodity Credit Corporation prior to February 15, 1945, and is applied as a further credit and with said taxes reduces plaintiff's said bad debt against Spencer Dehydrator, Inc., from $73,601.49 to the sum of $61,115.46 as specified in said paragraph VIII, and reduces his total bad debts for said taxable year from said sum of $107,567.51 to the amount of $95,081.48.

X. An adjustment was made in said revenue agent's report whereby plaintiff's net income for the taxable year ended February 28, 1943, was reduced by $25,000.00 with the following explanation:

"To allow refund of excess profits made under Sec. 3806 of Internal Revenue Code [26 U.S.C.A.Int.Rev.Code, § 3806]."

It appears of record that there is now pending on appeal before the Tax Court of the United States the renegotiation question of whether or not plaintiff's net income for said taxable year includes excessive profits in said amount.

XI. The said refund of $687.62 received by plaintiff from the State of Oregon was not taken as a deduction in computing plaintiff's victory tax net income for the taxable year ended February 29, 1944.

XII. The labels owned by the plaintiff and on hand at the end of the taxable year ended February 28, 1943, were then valueless, and the cost thereof in the sums shown in said revenue agent's report were charged to expense by the plaintiff.

XIII. Plaintiff's gross income from his said business for the taxable year ended February 28, 1945 was in the sum of $33,562.28. Plaintiff took business deductions for said taxable year in the sum of $17,217.75 about which there is no dispute by and between the parties hereto. This amount, together with said bad debts in said sum of $95,081.48 and taxes in said sum of $223.21 and depreciation in said sum of $31,617.89 give plaintiff business deductions for said taxable year in the sum of $144,140.33. Plaintiff's net loss for said taxable year attributable to the operations of his said business was and is in the sum of $110,578.05 (i.e. $144,140.33 - $33,562.28 - $110,578.05).

XIV. During said taxable year ended February 28, 1945, plaintiff sold property which had been held by him for more than 6 months and realized a gain on account of such sales in the total sum of $17,141.39. There are no other gains, losses or deductions to be taken into account in computing plaintiff's "net operating loss" for said taxable year in accordance with the provisions of Sec. 122 of the Internal Revenue Code. Plaintiff sustained a "net operating loss" for said taxable year, and a "net operating loss carry-back" for the taxable years ended February 28, 1943, and February 29, 1944, within the meaning of said code section in the sum of $93,436.66, and the same was incurred in and is and was attributable to the operation of his said business regularly carried on by him.

XV. Plaintiff inadvertently overstated his gross income for the taxable year ended February 28, 1943, by the sum of $510.15, and his gross income for said year from the business in which he was then engaged was in the sum of $2,275,474.85 and not $2,275,985 as set forth in said return for said year. Plaintiff took business deductions for said taxable year to the extent of $2,080,356.36 about which there is no dispute by and between the parties hereto, and which sum is less the said $3,278.57 mentioned in paragraph VII (d) that is added back to income. Said sum of $2,080,356.36 together with said "net operating loss carry-back" of $93,436.66 and said depreciation in the amount of $186.22 (paragraph VII (e) ) give business deductions for said taxable year in the total amount of $2,173,979.24. Plaintiff's net income for said taxable year from said business was in the sum of $101,495.61. He had other income for said year

in the amount of $506.24, and other deductions totaling $1,684.12 about which there is no dispute. Plaintiff's personal exemptions and credits for dependents for said taxable year were in the sum of $1,900, and his earned income credit for said year was in the sum of $1,400. His surtax net income for said taxable year was in the sum of $98,417.73 and his normal tax net income for said taxable year was in the sum of $97,017.73. The total amount of plaintiff's income tax liability for said taxable year computed according to the provisions of the revenue act then in force and without regard to the provisions of the Current Tax Payment Act of 1943, 57 Stat. 126, was and is in the sum of $63,742.71, and not in the sum of $141,722.80 as shown on his said return for said year.

XVI. Plaintiff's income tax net income for the taxable year ended February 29, 1944 was in the sum of $68,748.98 and not $72,272.84 as shown on said return. Said amount of $68,748.98 takes into account the adjustments mentioned in paragraphs VII (b) and (c). Plaintiff's victory tax net income for said taxable year was in the sum of $69,239.96 and not $73,451.44 as shown on said return. Said amount of $69,239.96 also takes into account the said increased depreciation set forth in paragraph VII (b). The total amount of plaintiff's combined income and victory tax liability for said taxable year computed according to the terms of the revenue act then in force but without taking into account the forgiveness features of the Current Tax Payment Act of 1943 was and is in the sum of $40,872.39, and not in the sum of $43,588.18 as shown on said return for said taxable year.

XVII. That plaintiff's total income and victory tax liability for the taxable period commencing March 1, 1942, and ended February 29, 1944, computed in accordance with the forgiveness provisions of the Current Tax Payment Act of 1943 was and is in the sum of $73,960.81 and not in the sum of $152,619.84 as shown on said return for the taxable year ended February 29, 1944.

XVIII. That prior to having sustained said "net operating loss carry-back" and by April 21, 1945, plaintiff paid to the defendant the total amount of $152,619.84 on account of his combined income and victory tax liability for the taxable period ended February 29, 1944, all as more particularly set forth in paragraph V hereof. He overpaid his said income and victory tax liability for said taxable period in the sum of $78,659.03, and defendant has not refunded the same or any part thereof to plaintiff.

XIX. On or about April 21, 1945, plaintiff duly filed with the defendant a claim for the refund to him of the sum of $23,565.04, which claim was based on the ground presented in the complaint herein, namely, that he is entitled to said "net operating loss carry-back," and that his income and victory taxes for the taxable period ended February 29, 1944, recomputed so as to include said "net operating loss carry-back" results in an overpayment of his income and victory taxes for said period. More than six months elapsed from the filing of said claim to the date of the filing of this action, and no notice of allowance or disallowance has been received from the Commissioner.

XX. Plaintiff made no statements or representations in any of the above mentioned returns with an intent to evade taxes. Plaintiff did not direct that any money be paid to Alice Barry with an intent to evade federal income taxes, said Alice Barry being misnamed in the answer as Alice Barry Spencer. No money received by said Alice Barry during any of the times herein mentioned represented taxable income of the plaintiff. The deficiency assessed against the plaintiff by the United States Commissioner of Internal Revenue on or about December 10, 1946, in the sum of $12,382.35 was based on an erroneous determination by the said Commissioner that certain sums of money received by Alice Barry represented taxable income of the plaintiff.

Based on the foregoing Findings of Fact, the Court makes the following:

### Conclusions of Law.

I. This Court has jurisdiction of this action and of the parties hereto.

II. ██ During the taxable years ended February 28, 1943, February 29, 1944,

and February 28, 1945, plaintiff was engaged in a business regularly carried on by him within the meaning of Section 23(k) (4) and Section 122(d) (5) of the Internal Revenue Code of the United States of America.

III. ██ The said sums of $61,115.46 and $33,966.02 owed to plaintiff by said Spencer Dehydrator, Inc. and Spencer Packing ·Company of Yakima, respectively, were debts which became worthless within the taxable year ended February 28, 1945, and plaintiff incurred a loss in his said business during said taxable year in the total sum of $95,081.48 from the worthlessness of said debts, all within the meaning of Section 23(k) of the Internal Revenue Code.

IV. ██ Plaintiff is entitled to a business deduction for the taxable year ended February 28, 1945 in the sum of $223.31 on account of taxes then due and owing from him on real and personal property used by him in his said business.

V. ██. Plaintiff has and is entitled to a "net operating loss carry-back", within the meaning of Section 122 of the Internal Revenue Code, for the taxable period beginning March 1, 1942 and ended February 29, 1944 in the sum of $93,436.66.

VI. ██ Pursuant to the provisions of ·Section 403(e) (1) of the Sixth Supplemental National Defense Appropriation Act of 1942, as amended by Section 701(b) of the Revenue Act of 1943, 26 U.S.C.A. Int.Rev.Acts, page 501, the Tax Court of the United States has exclusive jurisdiction to finally determine the amount, if any, of excessive profits received by plaintiff during the taxable year ended February 28, 1943. In the absence of such final determination, this District Court of the United States may decide the case at bar and give judgment herein without taking into further consideration the said purported adjustment on account of alleged excessive profits.

VII. ██ The said refund of $687.62 received by plaintiff from the State of Oregon should not be included in his victory tax net income for the taxable year ended February 29, 1944.

VIII. ██ The cost of the labels owned by plaintiff at the end of the taxable year ended February 28, 1943, were properly charged to expense by the plaintiff and should not be added back to income.

IX. Defendant wrongfully withholds from the plaintiff the sum of $78,659.03, and plaintiff is entitled to recover of and from the defendant the sum of $78,659.03, together with interest thereon at the rate of 6% per annum from ·April 21, 1945, as provided by law, and his cost and disbursements herein incurred.

X. Plaintiff does not owe the United States of America the said sum of $12,382.-35 or any other amount of income or victory taxes for any of the taxable years involved in this case. The said deficiency assessed against plaintiff in the sum of $12,382.35 was and is wrongful and invalid. Defendant is not entitled to offset any sum whatsoever against the said amount of $78,-659.03 and interest thereon due and owing to the plaintiff, and the United States of America, interpleader herein, is not entitled to recover anything from the plaintiff on account of its counter claim herein.